**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA )**
**)**
***v.*** **)** **Case No. 1:23-cr-00005 (APM)**
**)**
**ERIC CHRISTIE, )**
**)**
**Defendant. )**

**DEFENDANT'S MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF U.S. DOJ POLICY FOR GRAND JURY SUBPOENAS AND D.C. BAR RULE OF PROFESSIONAL CONDUCT 3.3 CANDOR TO THE TRIBUNAL**

Comes now the Defendant, ERIC CHRISTIE, by and through undersigned counsel, and respectfully moves this Court under the Federal Rules of Evidence (Fed R. Evid.) Rule 201(b)-(d) for an Order taking judicial notice of the U.S. Department of Justice (DOJ) policy on grand juries, specifically the DOJ's "Limitation on Grand Jury Subpoenas," policy number 9-11.140 that states that grand jury subpoenas must follow Rule 17 of the Federal Rules of Criminal Procedure (Fed R. Crim P.); and to also take notice of the District of Columbia Bar Rule 3.3 Candor to the Tribunal that applies to practice in this Court. The government in this case takes no position on this motion for the Court to take Notice as of February 23, 2023. Mr. Christie supports his request as follows:

## I. INTRODUCTION

Mr. Christie was denied bond on December 23, 2022 and again on February 17, 2023 not insignificantly based on the DOJ's repeated false claims that Mr. Christie failed to accept service of a grand jury subpoena from FBI Special Agent (SA) Hicks (a prosecution party) on February 21, 2022, where Mr. Christie was listed as a subject or investigative target. The DOJ repeatedly claimed that failure to accept service of the subpoena evidenced non-compliance with law enforcement. Then in apparently a new form of January 6th logic, Mr. Christie's failure to accept the illegitimate service of a grand jury subpoena from the FBI predicts with certainty a speculative

future failure to comply with any court order, and then subsequently equals dangerousness, where contrary to Bail Reform Act standards his bond must be denied - and was denied on February 17, 2023.

The government demanded bond denial under the Bail Reform Act's Section 3142(f)(2) for flight risk but proceeded to present no legitimate facts for flight risk. No flight risk was shown under existing standards (preparations to flee, contacts for flight, money, resources, lack of ties to the community, no family ties, no job, et cetera). The Court in its holding even stated there was no flight risk: "this is an interesting risk of flight inquiry or request in the sense that it's not predicated on him going somewhere or the risk of him going somewhere." February 17, 2023 Transcript at 52:11-14. The hearing to deny bond should have ended at that point and reverted to conditions of release, but it did not.

Thus, under the guise of the Bail Reform Act Section 3142(f)(2) "flight risk," the DOJ manipulated the Court into bond hearings where there was no credible flight risk and there never should have been any bond hearing. The government's *ruse of flight risk using Section 3142(f)(2)* led to the determination that failure to accept a subpoena by hand from an FBI agent *who illegitimately claimed service*, despite Fed R. Crim P. Rule 17 where parties may not serve subpoenas, transitioned to declaring Mr. Christie a danger to the community and pretrial services officers. This new charade of DOJ manipulation of the Bail Reform Act relied on multiple misrepresentations to the Court that were centered on deliberate color of law actions by law enforcement several times in 2022. The subpoena was one of three color of law actions by law enforcement that the Court relied upon to deny bond. Government failure to present the truth concerning color of law actions by the FBI, to include illegitimate service of the subpoena led to

the Court somewhat mocking Mr. Christie's version of the three engagements with the FBI in 2022, when it stated that:

> It seems he's unusually victimized by law enforcement. At every stage, he seems to be on the short end of the stick, so to speak. I mean, it's really remarkable how frequently he has encounters with officers who are not -- who are doing things in extreme ways.

(Transcript at 43:3-7).

Because of the ongoing case Judicial Notice of DOJ policy 9-11.140 showing the government's misrepresentation of facts is now required, along with D.C. Professional Conduct Rule 3.3 on Candor. Judicial Notice is required for proceedings that Mr. Christie may decide upon. The government failed to advise the California magistrate and this Court of the DOJ's written policy that grand jury subpoenas must follow Fed R. Crim P. Rule 17. See Exhibit 1 DOJ policy with section 9-11.140.[1]

Under the D.C. Rules of Professional Conduct, (Rule 3.3 Exhibit 2) this motion is proper because a misrepresentation of law was made to this Court on February 17, 2023 at the bond hearing by virtue of the DOJ's silence (Transcript at pp. 43-45) after the Defense raised the matter of Fed R. Crim P. Rule 17 (Rule 17) that was also raised in Defense Motion, ECF No. 15 at 13-14, to show the subpoena was not legally served because the FBI is a party. Since the government deliberately ignored the facts in its own policy that a party may not serve a subpoena under Rule 17 and failed to advise the Court of DOJ policy when the Court inaccurately stated that nothing said Rule 17 applied to grand jury subpoenas, then undersigned counsel brings this motion for the Court to take Notice. The government falsely claimed in writing and in statements in court that the subpoena was served on February 21, 2022, and then used this false claim as a basis to abuse

[1] DOJ rules can be found at: https://www.justice.gov/jm/jm-9-11000-grand-jury

Section 3142(f)(2) "flight risk" in a ruse to claim dangerousness while libeling Mr. Christie as someone who does not respect or obey law enforcement. The Court accepted the allegation by DOJ that the grand jury subpoena was legally served by the FBI Special Agent who was and remains a party to the prosecution as part of DOJ's subordinate investigative arm.

Specifically, the Defense mentioned in the very short time it was allotted for oral argument that the DOJ had a policy on grand jury subpoenas, while the Court said it had no information that Rule 17 applied to grand jury subpoenas or that the FBI as a party could not legally serve Mr. Christie the grand jury subpoena. Transcript at pp. 43 through 45. Further, in addition to false claims by the government of a legally served subpoena as written in its ECF No. 17 and 17-1 response and exhibit, the DOJ brought in apparently false testimony by an FBI drone operator "witness" who said, "There was non-compliance when the FBI attempted to serve him with a federal subpoena." Transcript at 16:14-16. The witness had no personal knowledge of the grand jury subpoena and events on February 21, 2022 but made a false testimonial statement indicating to the Court that service was legal. Under Fed R. Crim P. Rule 17(d) the FBI as a party may not serve a subpoena. To date, the government has failed to advise this Court of DOJ policy 9-11.140 this Court must take notice of as argued below, where service of the grand jury subpoena by the FBI investigator as a prosecution party was not legal or effective service.

## II. FACTS.

**A.** The DOJ /AUSA for this case stated in the response in opposition (ECF No. 17 at 4-5) to Mr. Christie's release motion at ECF No. 15 that Mr. Christie might not comply with conditions of release because on February 21, 2022 he refused service of a grand jury subpoena, which was from FBI agents who were investigating him for his First Amendment speech on January 6, 2021. The grand jury subpoena is at ECF No. 15-4.

**B.** FBI SA Kyle Hicks drafted a report that was approved that he had served a subpoena on Mr. Christie on February 21, 2022. See ECF 17-1 exhibit, attached here as Exhibit 3.

**C.** The AUSA and FBI SWAT team drone operator witness on February 17, 2023 claimed Mr. Christie refused service of the subpoena.

**D**. FBI SA Kyle Hicks was and continues to be a party to the action with the DOJ prosecution team. He was the investigator. He wrote the statement of facts used for the complaint and the arrest warrant contained in the Rule 5 documents for this case. He wrote the affidavit for the search warrant. Exhibit 4 to this motion shows that SA Hicks currently has editorial control over content delivered by the government to the defense on the government's USAfx platform. SA Hicks is joined at the hip to the prosecution and is a party.

**E.** The government - despite DOJ policy that grand jury subpoenas must follow Fed R. Crim P. Rule 17 where the FBI as a party cannot serve grand jury subpoenas - presented the false accusation to this Court that with no history of failure to appear in any court that Mr. Christie "would likely refuse to appear for proceedings in this case, as he has demonstrated through his refusal to accept service of a grand jury subpoena." Response, ECF No. 17 at 15.

**F**. The Court gave three cumulative reasons for Mr. Christie's detention, where one was Mr. Christie's failure to accept service of the subpoena. Transcript at 54:9-11. Yet the government's Exhibit 17-1 contains the statement by SA Hicks that the subpoena was served. No DOJ subsequent action followed nor was any correspondence with Mr. Christie's attorney made regarding the subpoena or any forced appearance by him in D.C. to testify.

**G**. The Court stated that Mr. Christie's failure to accept the subpoena, as one of three non-violent things involving FBI-initiated, planned actions during 2022 against Mr. Christie, was part of a "sequence of events [that] clearly establishes that you pose a serious danger to a person or the

community." *Id*. at 55:1-12. Thus, failure to accept illegal or illegitimate service of a grand jury subpoena on February 21, 2022 equals dangerousness even though the DOJ dropped the subpoena matter. Without any charge or prosecution for contempt of court, failure to accept a non-served subpoena now requires prison for dangerousness where "risk of flight" without any risk of flight was used as a pretext to deny bond. The other reasons given were that Mr. Christie drove off when the California Highway Patrol (CHP) officer under color of law in a pretextual operation with the FBI on December 16, 2022 threatened to break in his car window if he did not exit his car when the CHP had no legitimate reason to demand his exit after he provided the documents showing registration and license and had committed no moving traffic violation as falsely claimed after the fact by the CHP in its report. The third event was when Mr. Christie refused to exit his home while fearing for his life after the FBI SWAT choreographed a crisis by smashing in both entry points, destroying his skylight glass, dropping OC spray, potentially dropping a flashbang, and then outside of any tactical standards did not enter after taking tactical actions for forced entry (sometimes referred to as a smash and grab). Instead of entering, the FBI immediately put a crisis negotiator on the phone, while refusing for over an hour to present a search warrant, and telling Mr. Christie repeatedly that he was not under arrest. (Audio not provided to the Court by the government proves this).

**H.** The Court accepted the DOJ's speculative, false narrative that Mr. Christie would not appear, and that the FBI would have to execute another SWAT operation to arrest him because: "Mr. Christie is a real flight risk in the sense that if he fails to return to court, and he's already demonstrated that at least on three occasions, his unwillingness to comply with *law enforcement*; first to receive a subpoena; second, by driving off when he was arrested or attempting to be

arrested." *Id*. at 55:18-23. Note: Mr. Christie was never told he was under arrest in any instance despite the Court's recitation of the government /DOJ falsehoods about arrest.

**I.** The parties are at the discovery and pretrial stage of the case where upcoming actions by Mr. Christie require the Judicial Notice given the government's failure to truthfully inform the Court to date.

**J.** There is not a single truthful fact or claim made by the DOJ /government that meets standards used for "flight risk." The government on February 17, 2023 claimed Section 3142(f)(2) to detain but then the AUSA said he was presenting only dangerousness: "I would like to make just a related point, which is that, we're not seeking detention based on Mr. Christie's conduct essentially on January 6th . . . So it really relies on the dangerousness of his post-charging conduct, not January 6th." (Transcript for February 17, 2023 at 9:1-9). DOJ color of law operations without evidence of flight risk were used to fabricate dangerousness to deny bond.

**K.** The claim of Section 3142(f)(2) "Flight risk" was an abuse of process pretext by the DOJ for bond denial because Section 3142(f)(1) did not apply. The Court should only have considered release conditions.

**L.** The AUSA deliberately omitted the audio that shows Mr. Christie was told he was NOT under arrest on December 22, 2022; and the AUSA sat silently while the Court accepted the falsehood in ECF No. 17 and by the drone operator's witness testimony that misrepresented to the Court that Mr. Christie was told he was under arrest on December 22, 2022. The undisputed facts in audio evidence that was hidden from the Court by the government show that Mr. Christie was not ever told he was under arrest or being arrested under the December 15, 2022 warrant.

**M.** Fed R. Crim P. Rule 17(d) delineates service as being by a US Marshal, deputy marshal, or any ***nonparty*** who is at least 18 years old. The FBI agents as the investigative arm of the DOJ are party with the prosecution.

**N.** D.C. Rule of Professional Conduct 3.3 requires that "A lawyer shall not knowingly: (1) Make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer. . ." or " (4) Offer evidence that the lawyer knows to be false." The notes to the rule state: "[3] Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities."

## III. LEGAL STANDARD

Fed. R. Evid. Rule 201 provides the legal standard. Rule 201(a) makes clear that the scope is about adjudicative facts. The advisory committee notes state that "Adjudicative facts are simply the facts of the particular case." Adjudicative facts are about the people and actions, and can reference statutes, policies, and regulations.

According to Fed. R. Evid. 201(b), courts *may take* judicial notice of a fact that is not subject to reasonable dispute when the fact:

(1) Is generally known within the trial court's territorial jurisdiction; or

(2) Can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Rule 201(c)(2) provides that the Court **shall take judicial notice** of adjudicative facts if requested to do so by a party and if supplied with the necessary information.

Rule 201(d) states that judicial notice may be taken at any time during a proceeding.

## IV. ARGUMENT

This Motion requests Notice of rules and regulations where a long history allows Notice:

> wherever, by the express language of any act of Congress, power is entrusted to either of the principal departments of government to prescribe rules and regulations for the transaction of business in which the public is interested . . . the rules and regulations prescribed in pursuance of such authority become a mass of that body of public records of which the courts take judicial notice. Without attempting to notice all the cases bearing upon the general question of judicial notice, we may refer to the following: *United States* v. *Teschmaker*, 22 How. 392, 405; *Romero* v. *United States*, 1 Wall. 721; *Armstrong* v. *United States*, 13 Wall. 154; *Jones* v. *United States*, 137 U.S. 202; *Knight* v. *United States Land Association*, 142 U.S. 161, 169; *Jenkins* v. *Collard*, 145 U.S. 546.

*Caha v. United States*, 152 U.S. 211, 222 (1894).

This district held that when a document "is a government document from a reliable source [it] is subject to judicial notice. *See Hamilton* , 542 F.Supp.2d at 52 n.15." *Democracy Forward Found. v. White House Office of Am. Innovation*, 356 F. Supp. 3d 61, 72 n.10 (D.D.C. 2019). In a case under this specific Court: "The court may take judicial notice of documents provided on official government websites." *United States ex rel. Gardner v. Vanda Pharm., Inc.*, No. 17-cv-00464 (APM), at *28 n.8 (D.D.C. May 19, 2020). ((Referring to *Democracy Forward Found. v. White House Office of Am. Innovation*, 356 F. Supp. 3d 61, 62 n.2 (D.D.C. 2019)).

### A. DOJ Policy 9-11.140 Contains "Adjudicative Facts": Grand Jury Subpoenas Must Follow Fed R. Crim P. Rule 17 and 17(d) Where Parties Cannot Serve Subpoenas.

The policy and content of 9-11.140 are adjudicative facts. They are required for adjudicative purposes as shown in the Introduction and Facts sections above. The Facts in Section II. above outline the issues for adjudication, where notice of DOJ policy for grand jury subpoenas is necessary for further action by Mr. Christie given that the Court accepted the government's false claim that the FBI as a prosecution party had legal authority to serve a grand jury subpoena. There is no DOJ policy exempting the FBI from following DOJ policy 9-11.140

for grand jury subpoenas where under Rule 17(d) a party may not serve a subpoena.

Judicial Notice of DOJ policy 9-11.140 stating that Fed R. Crim P. Rule 17 applies to grand jury subpoenas is warranted because this involves adjudicative facts under Fed. R. Evid. Rule 201.

**B. DOJ Policy 9-11.140 Is Not Subject to Reasonable Dispute.**

The policy's contents are simply and clearly written where grand jury subpoenas must follow Fed R. Crim P. Rule 17. The policy comes directly from the DOJ and is contained in its official website. It is available to the public and should be known within the jurisdiction.

Judicial Notice by legal case precedent is proper under *Caha*, *Democracy Forward Found*, and *United States ex rel. Gardner v. Vanda Pharm.*

The Court must take judicial notice of DOJ Policy 9-11.140 because it involves adjudicative facts; Mr. Christie has provided the government policy directly from the reputable source of the DOJ government website; the policy is known in the jurisdiction by anyone who might choose to read it; the policy directly applies to the jurisdiction and issues for this case; the policy's facts that grand jury subpoenas must follow Rule 17 are indisputable; and the information provided herein satisfies Fed. R. Evid Rule 201(c)(2).

**C. D.C. Bar Rule 3.3 Contains "Adjudicative Facts" Requiring Provision to This Court That the Governing Authority for Grand Jury Subpoenas is Fed R. Crim P. Rule 17.**

Judicial Notice of D.C. Bar Rule 3.3 for Candor is proper because attorneys in this Court by the local rules must follow the D.C. Bar Rules. Misrepresentations were made to this Court concerning DOJ policy involving adjudicative facts where the government was required to correct the record and advise the Court that DOJ policy requires that grand jury subpoenas follow Rule 17. In both the California Federal District Court and in this Court the DOJ claimed in words and

writings that Mr. Christie refused service of a subpoena by the FBI, a party to the case who cannot issue a subpoena under Rule 17. In the February 17, 2023 bond hearing the Court said it knew of no rule where the FBI could not issue a grand jury subpoena, or that grand jury subpoenas fall under Rule 17. Transcript at 43-45. The government sat silent during the discussion and then claimed that Mr. Christie's refusal to accept the subpoena made him a danger to the community.

**D. The Rule is not Disputable and Comes From the Official D.C. Bar site**.[2]

Rule 3.3 is clear and requires attorneys to advise the court when a misrepresentation of law was made to the Court. The rule is known in the jurisdiction, and is mandatory for attorneys. The Court should take notice of Rule 3.3 because the failure of the government to advise the Court of DOJ policy for grand jury subpoenas resulted in this Court accepting and using misrepresentations to not release Mr. Christie on bond. Furthermore, the government falsely claimed the bond hearing was legitimate because the government was claiming Section 3142(f)(2) flight risk under the Bail Reform Act. It provided no truthful facts regarding flight risk and used misrepresentations of FBI actions taken under color of law to convince the Court to deny bond on dangerousness.

Because the government did not advise the Court of its misrepresentations, it is proper for the Court to take notice of Rule 3.3 as this case remains in progress. Notice must be taken because Mr. Christie has provided the requirements under Fed R. Evid. Rule 201(c)(2).

## V. CONCLUSION

Because Mr. Christie herein met the requirements of Fed R. Evid. Rule 201(c)(2), where DOJ policy 9-11.140 and Rule 3.3 involve adjudicative facts for this case, while being indisputable and known in the jurisdiction, the Court should issue the proposed order and Take Notice.

---

[2] https://www.dcbar.org/For-Lawyers/Legal-Ethics/Rules-of-Professional-Conduct/Advocate/Candor-to-Tribunal

Wherefore, for the reasons shown herein that meet Fed R. Evid. Rule 201(c)(2) where Mr. Christie has provided the information required, and for good cause, the Court must grant Mr. Christie's request to take Judicial Notice and sign the proposed order.

Dated March 1, 2023

Respectfully submitted,

/s/ *Carolyn A. Stewart*

Carolyn A. Stewart, Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify on the 1st day of March 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Carolyn Stewart Esq.
Carolyn Stewart, Esq.