UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 23-CR-005 (APM) |
| v. | : | |
| | : | |
| ERIC CHRISTIE, | : | |
| | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S
MOTIONS FOR THE COURT TO TAKE JUDICIAL NOTICE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to Defendant Eric Christie's three motions for the court to take judicial notice: (i) Defendant's Motion for the Court to Take Judicial Notice of U.S. DOJ Policy for Grand Jury Subpoenas and D.C. Bar Rule of Professional Conduct 3.3 Candor to the Tribunal (ECF 21, "Defendant's First Judicial Notice Motion"); (ii) Defendant's Motion for the Court to Take Judicial Notice of U.S. DOJ Policies 9-11.150 and 9-11.154 for Targets of an Investigation (ECF 22, "Defendant's Second Judicial Notice Motion"); and (iii) Defendant's Motion for the Court to Take Judicial Notice of the 18 U.S.C. §§ 3142 (a), (b), (c), (f); Specific Caselaw, and DOJ Report (ECF 23, "Defendant's Third Judicial Notice Motion") (collectively, "Defendant's Judicial Notice Motions" or "the Motions"). The Government respectfully submits that the Motions, which are not tethered to any pending issue before the District Court, should be denied.

BACKGROUND

a. The Charges Against Defendant Eric Christie

The defendant Eric Christie is charged with participating in the riot at the United States Capitol on January 6, 2021. As set forth in the Statement of Facts supporting the arrest warrant

1

(ECF 1), Christie stormed into the restricted area of the Capitol Grounds after seeing rioters demolish security barricades on the East Front. Through a bullhorn, he encouraged rioters to push past police as they struggled to keep the rioters from advancing up the Capitol steps to the East Rotunda door. Christie then hopped on top of a police car. From there, he continued shouting through his bullhorn and encouraging rioters as they overran the police line and made their way to the East Rotunda door, which the rioters would eventually breach as well. Christie did all this while carrying an exposed hammer. ECF 1 at 6-8. In short, Christie illegally entered the restricted area, carrying a dangerous weapon, and played an instrumental role in fomenting the ongoing riot.

The Honorable Robin M. Meriweather issued a warrant for Christie's arrest on December 15, 2022. The arrest warrant charged two crimes: violations of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon); and 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon). ECF 5. On January 4, 2023, a duly empaneled grand jury in the District of Columbia indicted Christie on the same two charges in the arrest warrant. These felony charges carry a statutory maximum of ten years in prison. 18 U.S.C. § 1752(b)(1)(A).

b. *Christie's Revocation Proceedings and Upcoming Criminal Trial*

Following the defendant Christie's arrest, the Government moved for detention pursuant to 18 U.S.C. § 3142(f)(2). On December 23, 2022, Magistrate Judge Alka Sagar in the Central District of California ordered Christie detained because no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community. The defendant moved to revoke the revocation order. ECF 15. Following a *de novo* hearing on February 17, 2023, the Court upheld the revocation order. *See* Minute Entry (Feb. 17,

2023). On March 8, 2023, the defendant filed a notice of appeal challenging the detention order. ECF 25.

Trial is scheduled for June 15, 2023. There are no other motions pending before the Court.

c. *Christie's Motions Requesting the Court Take Judicial Notice of Justice Department Policies, Local Ethical Rules, Federal Statutes, and Case Law*

On March 1, 2023, Christie moved pursuant to Federal Rule of Evidence 201 for an order "taking judicial notice of the U.S. Department of Justice (DOJ) policy on grand juries, specifically the DOJ's 'Limitation on Grand Jury Subpoenas,' policy number 9-11.140," and "to also take notice of the District of Columbia Bar Rule 3.3 Candor to the Tribunal that applies to practice in this Court." ECF 21.

That same day, Christie submitted a similar motion for an order "taking judicial notice of the U.S. Department of Justice (DOJ) policies on grand jury subpoenas, specifically the DOJ's Section 9-11.150, Subpoenaing Targets of the Investigation, that states that an effort should be made to secure the target's voluntary appearance; and DOJ 9-11.154, Advance Assertions of an Intention to Claim the Fifth Amendment Privilege Against Compulsory Self-Incrimination, that allows a target legally served with a subpoena to notify the government by letter of intent to assert Fifth Amendment rights and to be excused from testimony." ECF 22.

On March 7, 2023, Christie filed a third motion for an order "taking judicial notice of the Bail Reform Act 18 U.S.C. Section 3142(a), (b), (c), (f), (g); the James Publishing Criminal Law reference and cases at EXH 1 . . . and the EXH 2 DOJ report on release and detention statistics." ECF 23.

Christie's motions are replete with allegations that the Government violated its own policies by having an FBI agent attempt to serve the defendant with a grand jury subpoena, ECF 21, and by doing so when the defendant was purportedly a target of the investigation, ECF 22.

3

The motions further allege that the Government violated its duty of candor by not identifying the existence of these policies to the Court, ECF 21, and that at the detention hearing the Government "made no proffer of flight risk" but instead "resorted to false allegations" ECF 23 at 2.

Christie does not articulate how the motions for judicial notice are germane to either the upcoming criminal trial or any pending before the District Court. Rather, Christie merely states, "[t]he parties are at the discovery and pretrial stage of the case where upcoming actions by Mr. Christie require the Judicial Notice given the government's failure to truthfully inform the Court to date." ECF 21 at 7; ECF 22 at 6.

    d.  *The Parties' Communications regarding the Motions*

On March 7, 2023, the Government asked defense counsel to inform the Government whether she intended to file any additional motions for judicial notice, so that the Government could file a single consolidated response. Defense counsel responded that she might file an additional one or two motions by March 13, 2023. No additional motions have been filed to date.

## ARGUMENT

The Government does not dispute the existence of the Justice Manual, the District of Columbia Bar Rules, and the United States Code. The Government also agrees, of course, that the published Justice Manual serves a meaningful purpose within the Justice Department, and that all parties before the Court are bound by the duty of candor. The Motions should nevertheless be denied because they are untethered to any pending question before the Court. The Motions should also be denied because seek to improperly relitigate the completed detention hearing based on meritless contentions.

    **I.**    **The Text of the Justice Manual and the D.C. Bar Rules Are Not in Dispute**

The text of the publicly available Justice Manual and the D.C. Bar Rules of Professional conduct are undisputedly "generally known within the trial court's territorial jurisdiction," and

"can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, the Government does not dispute that these texts constitute the types of facts that may be judicially noticed. *Id.*

**II.    Christie's Bald Contention that these Texts Show Governmental Misconduct Is Meritless**

Christie seeks judicial notice of various excerpts of the Justice Manual because, he contends, they reflect that the Government acted improperly in (i) using an FBI agent to serve a grand jury subpoena, ECF 21 at 4-5, 8; and (ii) not providing Christie with certain notices when serving the subpoena, ECF 22 at 4-5. The Government strenuously disagrees with the defendant's allegations that the Government has transgressed its own policies here.

The central contention in Defendant's First Judicial Notice Motion is that the Government made a "*false claim* that the FBI as a prosecution party had legal authority to serve a grand jury subpoena." ECF 21 at 9 (emphasis added). FBI agents, however, routinely serve grand jury subpoenas in investigations, such as this one, in which the FBI is a part of the investigative and prosecution team—a fact that courts have routinely observed and blessed. *See United States v. Shanshan Du*, 570 F. App'x 490, 506 (6th Cir. 2014) (upholding obstruction of justice conviction predicated on defendant's destruction of records after being served by FBI agents with grand jury subpoenas); *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006) (upholding obstruction of justice conviction where defendant obstructed grand jury proceedings in which, *inter alia*, FBI agents served the defendant and his associates with grand jury subpoenas); *United States v. Calle*, 56 F. App'x 57, 58 (2d Cir. 2003) (upholding conviction for obstruction of justice arising from defendant's failure to produce documents in response to subpoena served by FBI agent); *United States v. Hilton*, 534 F.2d 556, 558 (3d Cir. 1976) (denying motion to suppress evidence obtained by Government through grand jury subpoena served by FBI agents).

Further, even assuming *arguendo* that the Justice Manual counsels against FBI agents serving grand jury subpoenas (which it does not), the Justice Manual is not a legal authority that provides a defendant with any causes of action. As the Justice Manual explicitly states,

> The Justice Manual provides internal DOJ guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal. Nor are any limitations hereby placed on otherwise lawful litigation prerogatives of DOJ.

Justice Manual 1-1.200, *available at*: https://www.justice.gov/jm/jm-1-1000-introduction .

Christie contends in the Defendant's Second Motion for Judicial Notice that the subpoena that the FBI attempted to serve on him was improper because Christie was a "target" of the investigation, and the Justice Manual contains certain policies regarding targets that were not followed. This contention is similarly meritless. The Government does not agree that the defendant was a "target" of the investigation, as that term is defined in the Justice Manual, at the time the FBI attempted to serve him with a subpoena in February 2022—nearly ten months before an arrest warrant was issued in his case. Regardless, the defendant has not shown any legal authority challenging the appropriateness of the subpoena, ECF 22 *passim,* and, again, the Justice Manual does not create any rights enforceable by the defendant.

### III.     Defendant's Third Judicial Notice Motion Improperly Seeks to Relitigate the Detention Hearing

The Defendant's Third Judicial Notice Motion is almost entirely devoted to attacking the Government's conduct in arresting Mr. Christie; the Government's conduct during the detention hearings; and the Court's adjudication of the detention hearing. ECF 23 at 1-13. The Government strenuously rejects all of the defendant's allegations. The Government, however, will not respond tit for tat because there is no related motion before the Court. Insofar as Christie is asking the Court to reconsider its detention order, the Court lacks jurisdiction to do so given that the defendant

has appealed that order. *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997). Accordingly, the Government will reserve its response to the merits of these contentions for its opposition before the Court of Appeals. Further, set forth *infra*, Christie has not shown any basis for the Court to take the judicial notice requested in the Defendant's Third Motion for Judicial Notice.

## IV. Christie's Motions Serve No Legitimate Purpose and Should Be Denied

Untethered to any pending motion, hearing, or trial, all three motions for judicial notice appear to be little more than unhinged attacks on the prosecution's conduct. The Motions, however, are not an appropriate vehicle for Christie to lodge his meritless allegations. The issues raised in the Motions relate squarely to the detention hearing: Christie contends that the Government improperly relied on his dodging of the subpoena in February 2022 as a basis to obtain detention because, according to Christie, the subpoena, and the manner in which it was served, were unlawful. ECF 21 at 4-5; ECF 22 at 4-5. Christie further contends that the Government violated its duty of candor at the detention hearing by not citing to particular Justice Manual provisions. ECF 21 at 10-11. Christie also contends that the Court should take judicial notice of the Bail Reform Act, certain case law, and certain statistics, which Christie contends support his challenges to the detention order. ECF 23 at 13-14. The merits of those contentions aside, the detention hearing has been completed, and there is no other proceeding currently before the district court to which these issues relate.

On February 17, 2023, the Court issued its ruling on the revocation motion. Christie has not moved for reconsideration of that ruling. Rather, Christie's motion to revoke the detention order is on appeal; Christie already has filed his notice of appeal with the Court of Appeals. ECF 24, 25. If Christie believes that the Court of Appeals should take judicial notice of anything in relation to the detention order, he can make that request directly to the Court of Appeals. *See*

*Jarkesy v. S.E.C.*, 803 F.3d 9, 22 (D.C. Cir. 2015) ("the court of appeals also has the ability to take judicial notice of facts relevant to the constitutional question[s].").

Christie contends that the motions are ripe because "[t]he parties are at the discovery and pretrial stage of the case where upcoming actions by Mr. Christie require the Judicial Notice given the government's failure to truthfully inform the Court to date."  This purported rationale for the Motions does not establish any relevance to any proceeding of whether or not the Court "notices" the undisputed existence of the Justice Manual.  Moreover, the Government humbly submits that an order from the Court would be unnecessary for the parties to remain cognizant of their continual duty of candor.  Similarly, an order from the Court would be unnecessary for the Court to remain cognizant of the fact that the Bail Reform Act applies to detention questions in federal court.

In sum, Christie has not identified any proceedings before the Court to which the requested orders for judicial notice would be germane.  "Federal district courts are authorized to decide only cases or controversies and they do not render advisory opinions or decide questions that cannot affect the rights of litigants in the case before them." *Bell-Bos. v. Harriet Tubman Woman's Twelve Hour Low Barrier Shelter*, No. CIV.A.08 2063, 2008 WL 5085613, at *1 (D.D.C. Dec. 2, 2008). The Motions should be denied accordingly.

**CONCLUSION**

For the foregoing reasons, the Defendant's Judicial Notice Motions should be denied.

                        Respectfully submitted,
                        MATTHEW M. GRAVES
                        UNITED STATES ATTORNEY
                        D.C. Bar Number 481052

By:      /s/
            JASON M. MANNING
            NY Bar No. 4578068
            Trial Attorney, Detailee
            1400 New York Ave NW, 11th Floor
            Washington, D.C. 20005
            (202) 514-6256
            jason.manning@usdoj.gov