UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:23-cr-00005 (APM) |
| ) | |
| ERIC CHRISTIE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO GOVERNMENT RESPONSE AT ECF NUMBER 28**

    The Defendant, ERIC CHRISTIE, by and through undersigned counsel, objects to the government's submission of a late response without prior leave of the Court that must be based upon excusable neglect under the Fed. R. Crim P. Rule 45 and local Court rules; and respectfully moves this court to strike the late response, determine that the government conceded any opposition, and grant his Motions at ECF Nos. 21 - 23 to Take Judicial Notice. In the alternative he requests that if the Court allows the government to ignore federal and Court rules, that the Court accept the Reply imbedded herein and grant Mr. Christie's Motions at ECF Nos. 21 - 23.

    Mr. Christie filed the Motions at ECF Nos. 21 - 22 on March 1, 2023. He filed the Motion at ECF No. 23 on March 7, 2023. While the government advised the Defense on or about March 7, 2023 that it wanted to file an "omnibus" response and questioned whether any further motions were forthcoming for the Court to Take Judicial Notice, it never discussed a late filing, and received no consent for such. The government stated in correspondence with the Court clerk that there is no prejudice to Mr. Christie with a late response. Au contraire, there is great prejudice in Mr. Christie having to file an unscheduled Reply at this time given an unexcused and unexpected late response - when as the government is aware, Mr. Christie has a deadline of March 30, 2023 for the Memorandum of Law and Fact for his appeal of bond denial, plus the short timeline for

filings by April 7, 2023 under ECF No. 26's Pretrial Order. For an "omnibus" response, it was due on March 15, 2023, when the 14-days for responding to ECF Nos. 21 - 22 ran.

**The Federal Rules of Criminal Procedure allow for an extension of time only under the following standard and conditions:**

(1) *In General.* When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
  (B) *after the time expires* if the party failed to act because of excusable neglect.

Fed. R. Crim. P. 45 (Emphasis added).

**Local Court Rule**, **LCrR 47 MOTIONS, sets the time for a response and reply to motions - and the government did not meet the time:**

(b) OPPOSING POINTS AND AUTHORITIES. **Within 14 days** of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, *the Court may treat the motion as conceded*.

Rules of the U.S. District Court for the District of Columbia, LCrR 47 at 145. (Emphasis added).

Because the responses were due on March 15, 2023 and March 21, 2023, the filing at ECF No. 28 that was filed *just before 10:00 p.m. on Friday*, March 22, 2023 should be stricken from the record. The government admittedly in correspondence knew the due dates. The Court might consider that the government's late filing is to the government's benefit as it interfered with and interrupted without notice Mr. Christie's filings due on March 30, 2023 and April 7, 2023.

The government's late filing was brought to the government's and Court's attention. Mr. Christie was made responsible for objecting to the late response and for submitting this Reply. Amidst and after the correspondence, rather than withdrawing its ECF No. 28 Response and submitting a request to file late, the government took no action. The government appears to believe it has no duty to follow Court and federal rules. Mr. Christie requests that this Court apply the rules and consider the Motions at ECF Nos. 21 - 23 conceded to by the government.

2

In the event the Court allows the government to ignore filing timelines, where this Reply is required, the Court should grant Mr. Christie's Motions at ECF Nos. 21 - 23 and take judicial notice because the government presented no valid legal argument to deny the Motions. Further, the Motions are proven valid as even now the government continues to exceed "embellishment" to the point of outright fabrication of facts, such as:

> Christie stormed into the restricted area of the Capitol Grounds after seeing rioters demolish security barricades on the East Front. Through a bullhorn, he encouraged rioters to push past police as they struggled to keep the rioters from advancing up the Capitol steps to the East Rotunda door. . . From there, he continued shouting through his bullhorn and encouraging rioters as they overran the police line and made their way to the East Rotunda door, which the rioters would eventually breach as well.

Response at 2.

No matter how many times the government presents falsehoods such as the above, they do not become true. The above did not happen and the government has no evidence to support the above narrative that is solely meant to unfairly prejudice this Court against Mr. Christie. The government's false narrative in its Response shows why the Motions to take notice are required. Unless noticed now, the government's false narratives will continue into trial. And, as shown by the government's disregard of the rules for filing, the Motions to take notice of law, rules and guidelines are necessary as pretrial proceedings continue.

The government's opposition argument that the Justice Department's manual and guidelines are not in dispute is not a legal standard to argue against taking judicial notice. That the documents are not in dispute supports the Motions within the proper legal standards. The government here attempts to contort the standards by claiming no dispute. The motions are not a call for summary judgment. If the government followed its own rules and advised this Court of

3

such, the issue of the subpoena for example (not legally served under Fed R. Crim P. Rule 17) would not have been one of the three reasons the Court used to deny bond.

The government's argument that FBI agents regularly serve subpoena's - meaning they violate the Federal Rules and DOJ policy, where acting as investigators for the DOJ they are right at the prosecution table as a party - shows the failure within the DOJ to acknowledge and enforce rules. That the FBI regularly violates the rules is no excuse to demand everyone adopt those violations as legal. Response at 5. Further, many of the cases referenced are not on point.

The government's argument that the Justice Manual doesn't matter here, and Mr. Christie's argument that he did nothing wrong is meritless (response at 6) vindicates Mr. Christie's requests in his motions at ECF's 21 - 23. Most of America is horrified at continuing disclosures of FBI and DOJ malfeasance, such as using Confidential Human Sources to spy on defendants and defense attorneys, and the imbedding of federal agents on the US Capitol grounds where video shows them agitating the crowd and telling people to push forward while actively pushing protestors forward. And here we have the government arguing that its own guidelines - which are for oversight and operations - are irrelevant.

The government's final argument that the Motions serve no legitimate purpose is specious. The claim that there must be a specific action defies legal standards properly set forth in Mr. Christie's Motions at ECF Nos. 21 - 23. The government provides no law in support of its newly designed legal standard. However, were the Court to believe the government has any merit in this argument: the case is ongoing, there is an appeal that will likely result in some remand to this Court, and the dates for Pretrial Motions and submissions are set. There are upcoming motions to dismiss which the government is well aware of based on statements in Mr. Christie's written submissions to the government for specific discovery. There may be an evidence suppression

motion. Mr. Christie's Motions at ECF Nos. 21 - 23 cited the correct legal standard and the Court within those standards is required to take notice. That the government argues against taking notice of laws and even the DOJ's own policies without any legal reason is astounding.

**Wherefore,** Mr. Christie respectfully requests that this Court strike the government's response at ECF No. 28 and grant his motions at ECF Nos. 21 - 23 for good cause shown. In the alternative, Mr. Christie requests that the Court deny the government's legally unsupported assertion that Mr. Christie's Motions be denied and grant his motions at ECF Nos. 21 - 23 given legal sufficiency and for good cause shown.

Dated March 28, 2023                     Respectfully submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 28th day of March 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Carolyn Stewart Esq.
Carolyn Stewart, Esq.