UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 23-CR-005 (APM) |
| v. : | |
| : | |
| ERIC CHRISTIE, : | |
| : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT ERIC CHRISTIE'S
MOTION TO DISMISS THE INDICTMENT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to Defendant Eric Christie's motion to dismiss the indictment (ECF 33, referred to herein as the "Motion" or "Mot."). Christie complains of the specificity of the allegations; asserts that the charges are multiplicitous; challenges the sufficiency of the Government's proof as purportedly reflected in discovery; prematurely disputes issues of fact; and alleges that the grand jury's performance was inadequate. These contentions are squarely contradicted by appellate precedents governing the requisite standards for notice pleading under federal criminal law. Christie also contends that the charges under 18 U.S.C. § 1752 must fail because the United States Capitol Police, as opposed to the United States Secret Service, established the restricted area. This contention finds no support in the statute, and it has been rejected time and again by courts in this district. The motion should be denied in its entirety.

## BACKGROUND

**a. Christie's Breach of the Restricted Area and Encouragement of Rioters—while Carrying a Weapon—during the Capitol Riot**

The defendant Eric Christie is charged with participating in the riot at the United States Capitol on January 6, 2021. As set forth in the Statement of Facts supporting the arrest warrant

1

(ECF 1), Christie stormed into the restricted area of the Capitol Grounds after seeing rioters demolish security barricades on the East Front. Through a bullhorn, he encouraged rioters to push past police as they struggled to keep the rioters from advancing up the Capitol steps to the East Rotunda door. ECF 1 at 4. Christie then hopped on top of a police car. From there, he continued shouting through his bullhorn and encouraging rioters as they overran the police line and made their way to the East Rotunda door, which the rioters would eventually breach as well. Christie did all this while carrying an exposed hammer. ECF 1 at 6-8.

In short, the indictment alleges that Christie illegally entered the restricted area and engaged in disorderly conduct there while carrying a dangerous weapon. The Statement of Facts further shows that Christie played an instrumental role in fomenting the ongoing riot.

In the Motion, Christie disputes the Government's factual allegations and offers an extensive alternate version of events, with which the Government disagrees. Mot., *passim.* For the purposes of resolving the Motion, however, the Court need not (and cannot) resolve these factual disputes, and thus the Government will not address them specifically here.

### b. The Indictment

On January 4, 2023, a duly empaneled grand jury in the District of Columbia indicted Christie, charging two crimes: violations of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon); and 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon). ECF 7.

## LEGAL STANDARD

An indictment is sufficient under the Constitution and Rule 7 of the Federal Rules of Criminal Procedure so long as it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87,

117 (1974).  An indictment accomplishes this task by "echo[ing] the operative statutory text while also specifying the time and place of the offense."  *United States v. Mitchellon*, 903 F.3d 124, 130 (D.C. Cir. 2018).

A criminal defendant may only move for dismissal based on a defect in the indictment, such as a failure to state an offense.  *United States v. Knowles*, 197 F. Supp. 3d 143, 148 (D.D.C. 2016).  Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added).  It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the government "has made a *full* proffer of evidence" or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (emphasis added)—neither of which has occurred here.

## ARGUMENT

### a. Counts 1 and 2 Are Not Multiplicitous

Christie seeks dismissal of Count One on the grounds that it is multiplicitous in that "Count Two requires the commission of Count One."  Mot. at 15-16.  "To determine multiplicity vel non, courts generally apply the *Blockburger* test:  '[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not,' i.e., whether either is a lesser included offense of the other."  *United States v. Mahdi*, 598 F.3d 883, 888 (D.C. Cir. 2010) (quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999), and *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

If the two offenses each require proof of a fact the other does not, then the charges are not multiplicitous.[1] *Id.* at 890. The *Blockburger* "test focuses on the statutory elements of the offense, not on the proof offered in a given case." *United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998). Thus, it is irrelevant whether there is significant overlap in the factual proof of each count at trial, or even whether two counts "are based upon the exact same set of facts and circumstances," as long as each count's elements require proof of a fact that the others do not. *United States v. Manafort*, 313 F. Supp. 3d 311, 314 (D.D.C. 2018); *see id.* ("[T]he test for multiplicity is not whether two counts are based on the same set of facts; rather, it is whether the statutory elements of the two offenses are the same.").

Here, Christie's multiplicity arguments fail because each of the offenses charged in the indictment "requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. Specifically, the elements of Count One are:

- The defendant entered or remained in a restricted building or grounds without lawful authority to do so;
- The defendant did so knowingly; and
- The defendant did so while using or carrying a deadly or dangerous weapon.

*See United States v. Richard Barnett,* No. 21-cr.-38 (CRC), ECF No. 158, Jury Instructions, Instruction No. 21. The elements of Count Two are:

---

[1] On the other hand, if two offenses fail the *Blockburger* test—because one is a lesser-included offense of the other—that is not the end of the inquiry. In that scenario, the "*Blockburger* test . . . provides only a canon of construction, not a 'conclusive presumption of law,' *id.* at 888 (quoting *Garrett v. United States*, 471 U.S. 773, 779 (1985)), because there "'is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and *punishing also the completed transaction.*'" *Id.* (quoting *Garrett*, 471 U.S. at 779) (emphasis in original). Here, each offense clearly requires proof of a fact the other offense does not, so it is not necessary to conduct this further analysis.

4

- The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;
- The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions;
- The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions; and
- The defendant did so while using or carrying a deadly or dangerous weapon.

*See id*. at Instruction No. 22. Thus, the Indictment satisfies *Blockburger* because, although there may be significant overlap in the factual proof of the two charges at trial, there are unique elements present in each count.

### b. Count One and Count Two Are Adequately Pleaded

Count One alleges as follows:

> On or about January 6, 2021, within the District of Columbia, ERIC CHRISTIE did knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, without lawful authority to do so, and, during and in relation to the offense, did use and carry a deadly and dangerous weapon, that is, a hammer.

ECF 7.

Count Two alleges as follows:

> On or about January 6, 2021, in the District of Columbia, ERIC CHRISTIE, did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions, and, during and in relation to the offense, did use and carry a deadly and dangerous weapon, that is, a hammer.

*Id.*

Christie contends both counts are defective because they "lack specificity" and they do not inform Christie as to how the Government will prove certain facts, such as how Christie knew he

5

was not permitted in the restricted area or how Christie engaged in disorderly conduct. Mot. at 16, 23. It is well-established, however, that "the validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). Further, an indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976). Christie's quibble about the extent of the information set forth in the indictment is not a basis to dismiss it.[2]

Rather, Counts One and Two are both adequately pleaded because they provide the operative statutory text of Section 1752 and specify the time and place of the offense. *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). Thus, Christie has ample notice of "the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense." *Id.* (quoting *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014)); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). Nothing more is required: "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling*, 418 U.S. at 117.

### c. Whether the Hammer Constitutes a Deadly or Dangerous Weapon Is a Question of Fact for the Jury

Christie contends that Counts One and Two should be dismissed because the hammer identified in the indictment was not a deadly or dangerous weapon. Mot. at 20-23. The question of whether the hammer that Christie carried constituted a deadly or dangerous weapon as that term

---

[2] The Government notes that Christie has received additional notice related to the charges against him in the form of the Statement of Facts included with the Complaint. ECF 1.

is used in Section 1752, however, is a question of fact for the jury. *See, e.g., United States v. Redrick,* 841 F.3d 478 (D.C. Cir. 2016) ("To say that the state must prove the use of a dangerous or deadly weapon 'beyond a reasonable doubt' is simply another way of stating that it is a jury question …").

In another prosecution arising out of the Capitol Riot, the defendant Thomas Robertson was similarly charged with felony violations of 18 U.S.C. § 1752(b)(1)(A) for carrying an allegedly dangerous weapon in the restricted area, in that case, a stick. *United States v. Robertson,* 610 F. Supp. 3d 229, 236-239 (D.D.C. 2022). The jury was instructed that it was a question of fact for the jury to determine whether the stick constituted a dangerous weapon based on the instructions provided by the Court. *Id.* at 237. Similarly, in this case the jury will determine whether Christie, as alleged, carried the hammer as a "dangerous weapon" on January 6.

Christie's contention that the hammer did not constitute a deadly weapon relies on various factual averments outside the indictment. Mot. at 22 (alleging that "in the totality of the circumstances [Christie] showed he had no intent to use the hammer as a dangerous weapon"). The Court, however, "has a limited and narrow role in considering a motion to dismiss an indictment." *United States v. Williams*, No. 21-cr-377 (BAH), ECF No. 118 at 79-80. When ruling on a motion to dismiss for failure to state an offense, a district court may only review the face of the indictment and more specifically, the language used to charge the crimes. *Id.*; *see also United States v. Bingert*, No. 21-cr-91 (RCL), 2022 WL 1659163, at *11 (D.D.C. May 25, 2022) (a motion to dismiss challenges the adequacy of an indictment on its face and the relevant inquiry is whether its allegations permit a jury to find that the crimes charged were committed); *United States v. McHugh*, 583 F. Supp. 3d 1, 32-35 (D.D.C. 2022) (a motion to dismiss involves the Court's determination of the legal sufficiency of the indictment, not the sufficiency of the evidence).

Accordingly, Christie's factual challenge to the Government's allegation that Christie carried a dangerous weapon fails because it would require the Court to look beyond the face of the indictment and assess the sufficiency of the evidence.[3]

**d. Christie's Interpretation of the Discovery Is Irrelevant to the Motion to Dismiss**

Christie contends throughout the motion that, based on his interpretation of the material produced in discovery, the evidence does not support the charges. For instance, Christie states that "Count One should be dismissed because the government cannot with evidence prove all the elements of the crime." Mot. at 19. He similarly contends that "not a scintilla of evidence exists about intent to use the hammer in the alleged restricted area." Mot. at 23.[4] A motion to dismiss, however, is not a mechanism to challenge the sufficiency of the evidence: under the Federal Rules of Criminal Procedure, the only mechanism for that is trial. Criminal cases have no equivalent to the civil rule for summary judgment. *United States v. Bailey*, 444 U.S. 394, 413 n.9 (1980) (motions for summary judgment are creatures of civil, not criminal trials); *United States v. Oseguera Gonzalez*, No. 20-cr-40 (BAH), 2020 WL 6342940, at *5 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one

---

[3] Christie also takes issue with the fact that the indictment, in tracking the statutory language, alleges that Christie used *and* carried a deadly and dangerous weapon, whereas the Government has stated that Christie only carried the hammer. Mot. at 23 ("Christie is falsely accused of using the hammer"). It is well-established, however, that the Government generally charges in the conjunctive and the court instructs in the disjunctive, *United States v. Shmuckler*, 792 F.3d 158, 162 n.4 (D.C. Cir. 2015), and that is the reason the indictment here alleges that Christie used and carried the hammer.

[4] As stated *supra*, the Government disagrees with Christie's characterization of the evidence but will not needlessly debate those points here.

that permits pretrial determination of the sufficiency of the evidence). Accordingly, Christie cannot obtain dismissal of the charges based on his forecasts of what the Government can prove.

    e. **Christie's Other Factual Allegations Do No Warrant Dismissal**

Christie's motion is replete with factual allegations—many of which are wildly conspiratorial, and all of which are self-serving— that Christie contends constitute defenses to the charges. Christie alleges that all the persons who breached the security perimeter wearing helmets and gas masks were not rioters but, rather, a "media mob." Mot. at 18. Christie alleges that any reasonable person on the East Front of the Capitol during the Capitol Riot "would believe that access was granted." Mot. at 25. These are (at best) disputed issues of fact and, as such, they cannot be resolved on a motion to dismiss. Indeed, "[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.).

    f. **As Courts Have Uniformly Held, Section 1752 Does Not Require that the Secret Service Establish the Restricted Area**

Christie contends he is immune from liability under Section 1752 because, in anticipation of the certification vote, the United States Capitol Police, not the Secret Service, determined the locations of the fences and other barricades and the "Do Not Enter" signs around the Capitol Building that were in place on January 6. Mot. at 25-26. This argument, which has been repeatedly rejected by courts in this District, lacks merit.

The text of Section 1752 "is not complex." *United States v. Griffin*, 549 F.Supp.3d 49, 54 (D.D.C. 2021) (McFadden, J.). Like the defendant in *Griffin*, Christie "contends that the Secret Service must 'establish' the restricted area under § 1752(c)(1)," "[b]ut that requirement is not in the text." *Id*. at 54-55. "Indeed, the only reference in the statute to the Secret Service is to its

9

protectees. Section 1752 says nothing about who must do the restricting." *Id*. at 55.  The text "plainly does not require that the Secret Service be the entity to restrict or cordon off a particular area," *United States v. Mostofsky*, 21-cr-138 (JEB), 2021 WL 6049891, at *13 (Boasberg, J.) (D.D.C. December 28, 2021).  "Congress's failure to specify how an area becomes 'restricted' just means that the statute does not require any particular method for restricting a building or grounds." *United States v. McHugh*, No. 21-cr-453 (JDB), 2022 WL 296304, at *18 (D.D.C. Feb. 1, 2022).

Christie's exposition on this point, while lengthy, is not novel.  All the other judges of this court to have addressed this issue—including this Court in *United States v. Caldwell*—have rejected this argument.[5]  This Court should do so again.

### g. Christie Has Not Shown that the Grand Jury Was Not Legally Constituted or Was Biased

Christie's motion is also peppered with allegations that the grand jury had an insufficient basis upon which to issue the indictment.[6]  Mot. at 17, 19.  The Supreme Court has held that grand jury proceedings, however, are cloaked in a presumption of regularity.  In *Costello v. United States*, the Court held that "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face is enough to call for trial on the merits."  350 U.S. 359, 363 (1956).  Christie has not alleged, let alone shown, that the grand jury that issued the indictment was not legally

---

[5] *See United States v. Andries*, 21-cr-93 (RC), 2022 WL 768684, at *14 (D.D.C. March 14, 2022); *United States v. Bozell*, 21-cr-216 (JDB), 2022 WL 474144, at *8 (D.D.C. Feb. 16, 2022); *United States v. Nordean*, 21-cr-175 (TJK), 2021 WL 6134595, at *18 (Dec. 28, 2021); Omnibus Order, *United States v. Caldwell*, 21-cr-28 (APM) (D.D.C. Sept. 14, 2021) [Dkt. No. 415] at 4; *United States v. Puma*, 1:21-cr-0454 (PLF), 2022 WL 823079, at *14–16 (D.D.C. Mar. 19, 2022); *United States v. Bingert*, 1:21-cr-91(RCL), 2022 WL 1659163, at *14 (D.D.C. May 25, 2022); *United States v. Sargent*, 1:21-cr-258 (TFH), 2022 WL 1124817, at *9 (D.D.C. Apr. 14, 2022).

[6] The Government takes issue with Christie's mischaracterization of the information presented to the grand jury in connection with the indictment in this case but, again, will not needlessly contest the point here.

constituted.  Nor has Christie alleged, let alone shown, that the grand jury was biased.   Further, for the reasons set forth above, the indictment here is valid on its face.  Christie's challenge to the grand jury's issuance of the indictment fails accordingly.

## **CONCLUSION**

For the foregoing reasons, the Government submits that Christie's motion to dismiss should be denied in its entirety.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:      /s/
JASON M. MANNING
NY Bar No. 4578068
Trial Attorney, Detailee
RAYMOND WOO
AZ Bar No. 023050
Assistant U.S. Attorney, Detailee
U.S. Attorney's Office
601 D Street, NW
Washington, DC 20530
(202) 514-6256 / (602) 514-7736
jason.manning@usdoj.gov /
raymond.woo@usdoj.gov