**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 23-CR-005 (APM)** |
| **v.** | : | |
| | : | |
| **ERIC CHRISTIE,** | : | |
| | : | |
| **Defendant.** | : | |

<u>**REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTIONS *IN LIMINE***</u>

The United States of America, by and through undersigned counsel, respectfully replies to Defendant's Response to Government's Motions *in Limine* (ECF No. 43). While Defendant's response is replete with spurious and unfounded claims of Government misconduct -- to include fabricating and hiding evidence, making false statements, and withholding exculpatory information -- he fails to provide any case, statute, or evidentiary rule to counter Government arguments. In addition, none of the Government's arguments to admit or limit evidence will preclude Defendant from presenting admissible evidence (if any exists) that he was not aware he had crossed into a restricted area, that a restricted area had not been established on January 6, that he did not intend to impede or disrupt government business or official functions, or that he did not carry an inherently dangerous object or carry an object with an intent to cause serious bodily injury.

The United States will address each of Defendant's arguments below.

I.      **Motion *in Limine* to Admit Certain Visual and Digital Exhibit**

Defendant fails to identify any case, statute, or evidentiary rule to counter the methods of authentication identified by the Government.  ECF No. 36 at 1-8.  Defendant's assertion that the Government should provide signed declarations that images or video have not been edited is not supported by law.[1]  Thus, if and when the Government moves to admit a visual or digital exhibit, either at trial or at the final pre-trial conference, it will do so under the legal framework set out in its Motion *in Limine*.

II.      **Motion in Limine to Admit Certain Statutes and Records**

Defendant objects to the term "Certification" in describing the electoral college proceeding at the U.S. Capitol on January 6.  Defendant's objection is of no moment as it appears there is no dispute to the Government's request that the Court take notice of Article II, Section 1, of the United States Constitution, the Twelfth Amendment, and 3 U.S.C. §§ 15-18, as the law that pertains to the electoral college official proceeding before Congress on January 6.

Defendant further objects to the admission of certain portions of the Congressional Record from January 6 as irrelevant and offers to stipulate that Congress met to count votes.  The Government disagrees with Defendant's objection.  The Government has the burden to prove every element of the charged offenses, one of which involves proving the existence of government business or official function on January 6.  Thus, limited portions of the Congressional Record, such as the "concurrent resolution to provide for the counting on January 6, 2021, of the electoral

---

[1] The Government will not be moving to admit images, videos, or recordings where Defendant's image or voice was added to an existing video or recording.

votes for President and Vice President of the United States" will be highly probative for the Government in proving its case at trial.[2]

### III.   Motion in Limine to Limit Unnecessary Discussion of Security-Related Topics

#### 1.   Exact Locations of USCP Cameras

Defendant claims he has no intent on presenting evidence or examining witnesses on the exact locations of USCP cameras.  However, Defendant further claims, without legal support, that he may inquire on why cameras were missing from certain locations and why camera views were zoomed in.  The Government respectfully disagrees.  Such inquiries would elicit irrelevant information.  In addition, information on the location of a security camera, or lack of a security camera in a specific location in the Capitol, is sensitive security information that should be precluded.  ECF No. 36 at 10-13.

#### 2.   Secret Service Protocols

Defendant claims it will be relevant to question Secret Service on their alleged movement to a "bomb-blast" protected area and what specific protections they could not provide in the "bomb-blast" area.  The Government respectfully disagrees.

As explained in its Motion *in Limine*, the Secret Service's protocols in protecting the Vice President and his family implicate national security.  ECF No. 36 at 13-15.  Defendant's possible inquiry on why the Secret Service moved to a certain area of the Capitol, or what protections Secret the Service could not provide, are completely irrelevant to the charges, and would elicit sensitive information that could jeopardize the Government's ability to protect senior government officials.

---

[2] The Government has not yet decided on whether it will seek to introduce certain videos taken from the Senate Recording Studio.  Although these videos can be self-authenticating as "Official Publications," the Government will still need to establish their relevance before admission at trial. *See* ECF No. 36 at 7-8.

### 3.  Law Enforcement Preparations

Defendant's contention that the alleged "unpreparedness" of the United States Capitol Police on January 6 is somehow a fact of consequence for trial lacks merit.  The preparedness of law enforcement is not relevant to any element of the charged offenses or to a legal defense.  ECF No. 36 at 15-16.

### IV.    Motion *In Limine* to Preclude Defendant's Out-of-Court Statements as Inadmissible Hearsay

Defendant fails to identify any case, statute, or evidentiary rule to counter the Government's explanation of the limit on the rule of completeness, or the admissibility of self-serving hearsay by Defendant through law enforcement witnesses.  At trial, if the Government moves to admit certain portions of text or recorded statements made by Defendant to others, other portions of the statement will not be admissible unless they are needed to correct a misleading impression.  ECF No. 36 at 16-17.  Likewise, Defendant may not attempt to elicit self-serving hearsay from law enforcement if those statements are being offered for the truth of the matter asserted.  *Id.* at 17-18.  For example, when Defendant was being transported by law enforcement on December 22, 2022, he commented that the election was stolen, that a documentary called 2000 mules had proof of a stolen election, and that the *Brunson* case -- which was an election challenge case -- would be decided and members of Congress would be found guilty of treason.  Such statements are hearsay and should not be admitted through law enforcement officers.

### V.    Motion *in Limine* to Preclude Improper Defense Arguments

In section V of its Motion *in Limine*, the Government moved to preclude improper defense arguments concerning the First Amendment, Government charging decisions, and public authority and entrapment by estoppel.  ECF No. 36 at 18-23.  The Government further moved to preclude jury nullification arguments involving use of federal resources and discovery, improper character

4

evidence, ignorance of the law, penalties, and irrelevant facts on Defendant's arrest and the execution of the search warrant. *Id.* at 23-29. In his response, Defendant stated he would not raise the Government's charging decisions or selective prosecution arguments at trial. However, for the remaining topics, Defendant objected to the Government's motion and failed to address the law cited by the Government.

Specifically, Defendant fails to cite any cases to counter the permissible use of Defendant's prior statements to prove a charged offense or a defendant's motive or intent. ECF No. 36 at 18-19. Defendant fails to cite any cases to show why he is entitled to assert a First Amendment defense when the offenses to which he is charged punish conduct and not speech. *Id.* at 19-20. Defendant fails to explain why he is not required to notice a public authority defense under Rule 12.3(a)(1) of the Federal Rules of Criminal Procedure, or why the Judges in *Williams* and *Chrestman* were incorrect to note the unlikely applicability of such a defense to January 6 cases. *Id.* at 22-23. Finally, Defendant fails to cite any cases or law to address Government's jury nullification arguments on the discovery in his case or allocation of federal resources; improper character evidence; Defendant's claimed ignorance of the law; penalties and collateral consequences; and law enforcement's approach in executing arrest and search warrants. *Id.* at 23-29.

///

///

 ///

## **CONCLUSION**

For all the reasons explained herein and in the Government's Motion *in Limine*, the Government respectfully requests the Court grant the requested relief, or to consider the relevant law set out by the Government when relevant issues arise at trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:             */s/ Raymond K. Woo*
RAYMOND K. WOO
Assistant U.S. Attorney
AZ Bar No. 023050
JASON M. MANNING
Trial Attorney
NY Bar No. 4578068
Detailees to the Capitol Siege Section
United States Attorney's Office
for the District of Columbia
601 D Street N.W.
Washington, DC 20530
(602) 514-7736
Raymond.woo@usdoj.gov
(202) 514-6256
Jason.Manning@usdoj.gov

CERTIFICATE OF SERVICE

On this 31st day of May, a copy of the foregoing was served on counsel of record for the

defendant via the Court's Electronic Filing System.

Date: May 31, 2023                         By:   /s/ Raymond K. Woo
                                                RAYMOND K. WOO
                                                Assistant U.S. Attorney