## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| *v.* ) | Case No. 1:23-cr-005 (APM) |
| ) | |
| **ERIC CHRISTIE,** ) | |
| ) | |
| **Defendant.** ) | |

## MODIFIED PRETRIAL SCHEDULING ORDER

Trial is set to commence in this matter on **August 7, 2023**, at 9:30 a.m., in **Courtroom 10**. A Pretrial Conference will be held on **July 28, 2023** at 12:30 p.m. remotely by video teleconference. The Defendant's jury waiver colloquy will be held on **July 7, 2023** at 2:30 p.m. via remote video conference. The following updated schedule shall govern remaining pretrial proceedings[1]:

1. Expert disclosure as required by Fed. R. Crim. P. Rule 16(b) by the Defendant shall be made by July 14, 2023. Any motions in limine regarding expert witnesses shall be filed by **June 21, 2023**.

2. The parties shall satisfy their reciprocal discovery obligations (except for experts, as noted above) under Fed. R. Crim P. Rule 16 by **July 17, 2023**. The Court will consider any motion in limine with respect to reciprocal discovery after such discovery is received. Any such motion shall be filed by **July 20, 2023**; any opposition to such motion shall be filed by **July 25, 2023**.

---

[1] The proposed schedule contemplates the Court granting the Defendant's request for a bench trial. If, following the jury waiver colloquy on July 7, 2023, the Court denies the motion, the parties will promptly propose to the Court revisions to the proposed schedule, which will include deadlines for the submission of proposed jury instructions and voir dire questions.

3. The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief on or before **July 21, 2023**. Any Brady material not already disclosed also must be disclosed by this date.

4. On or before **July 21, 2023**, counsel shall file a Joint Pretrial Statement that contains the following:

a. <u>A neutral statement of the case</u>. The parties shall include a neutral statement of the case for the Court.

b. <u>Elements of each crime charged and relevant federal caselaw as needed</u>.  The parties will submit for the Court's use a neutral statement of the elements of each charge in the indictment: 18 U.S.C. § 1752(a)(1) - (2), and § 1752(b)(1)(A). This shall be supplemented with citations to appropriate authority regarding application as necessary.

(i) With respect to the definition of terms such as "deadly or dangerous weapon," the parties shall submit a memorandum of law addressing the term's definition and application under federal law, with any areas of disagreement highlighted by **July 25, 2023**.

c. <u>List of witnesses.</u> The parties shall identify the witnesses that each side anticipates it may call in its case-in-chief. Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness's identity. The Defendant may adjust his potential witness list before trial after full consideration of the Government's potential witness list and exhibits.

d. <u>Exhibit lists</u>. The parties shall include an exhibit list that each side anticipates it may introduce in its case-in-chief. The parties need not list any exhibit that might be used for purposes of impeachment. The parties should confer with Courtroom Deputy Jean-Claude Douyon about the format of the exhibit list. The parties should not provide a copy of the exhibits to the Court but must exchange pre-marked exhibits. The parties must be prepared to raise objections to any

proposed exhibit at the Pretrial Conference. The objecting party shall coordinate with the Courtroom Deputy for video display of the exhibit as required at the Pretrial Conference.

      e.  <u>Stipulations</u>. The parties shall submit a draft of all stipulations.

      g.  <u>Proposed Verdict Form</u>.  The parties shall include a draft verdict form, which may be in long form and should include any special interrogatories.

      5.  In addition to filing the Joint Pretrial Statement on **July 21, 2023**, the parties shall transmit by email, in Word format, an electronic copy of the responses in Paragraph 4b. and g. above  to the Courtroom Deputy Jean-Claude Douyon at:

Jean-Claude_Douyon@dcd.uscourts.gov .

      6.  Counsel and the Defendant shall appear remotely via video conference for the Defendant's jury waiver colloquy on **July 7, 2023** at 2:30 p.m.

      7.  Counsel and the Defendant shall appear remotely via video conference on **July 28, 2023**, at 12:30 p.m. for the Pretrial Conference.

SO ORDERED.

Date:_____

                                                      _____
                                                      Amit P. Mehta
                                                      United States District Court Judge