IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC CHRISTIE,<br><br>                    Defendant. | CASE NO. 23-CR-005 (APM) |

### UNITED STATES' TRIAL BRIEF

The United States, by and through its attorney, respectfully submits this trial brief in advance of the August 7, 2023 bench trial. The brief highlights pending motions before the Court, summarizes the Government's evidence at trial, and discusses Defendant's expert witness.

I.   **PENDING MOTIONS BEFORE THE COURT**

   A.   **Defendant's Motions for Judicial Notice**

There are three pending motions before the Court on Defendant's request for the Court to take judicial notice. On March 1, 2023, Defendant filed a motion for the Court to take judicial notice of Department of Justice ("DOJ") policy on grand jury subpoenas and a Washington D.C. Bar rule (ECF No. 21), and a motion for the Court to take judicial notice on DOJ policy on issuing grand jury subpoenas to target of investigations (ECF No. 22). On March 7, 2023, Defendant filed a motion for the Court to take judicial notice of the bail reform act statute, certain case law, and a DOJ report on release and detention statistics. ECF No. 23. On the same date, the Government notified Defendant of its intent to file a consolidated response to the judicial notice motions and inquired whether any additional motions were forthcoming.

The Government filed a consolidated response on March 22, 2023, arguing Defendant's Motions should be denied because they were unrelated to any pending issue before the Court and were an improper attempt to relitigate the Court's detention decision. ECF No. 28.

Defendant filed a reply on March 28, 2023, arguing the Court should either deny the Government's response as being lately filed or grant his motions. ECF No. 30. To the extent these motions were in service of Defendant's then-pending appeal of his detention order, the motions are moot because the Court of Appeals denied the appeal.

**B. Government's Motion in Limine**

On May 10, 2023, the Government submitted a motion in limine to: 1) Admit certain visual and digital exhibits and to present various of modes admissibility under the law; 2) Admit certain statutes and public records; 3) Limit the introduction of unnecessary and irrelevant security related topics; 4) Preclude Defendant from introducing his own hearsay statements through another witness; and 5) Preclude a variety of potential and improper defense arguments. Defendant filed a response on May 25, 2023, that potentially resolved a few of the issues. ECF No. 44. The Government submitted a reply on May 31, 2023. ECF No. 47.

The Government submits the following summaries on the remaining issues in dispute.

### 1. Admitting Visual and Digital Exhibits

The Government has provided Defendant with its exhibit list and most of its trial exhibits. Specific evidentiary objections to those exhibits will be raised at the Final Pre-Trial conference or at trial.

### 2. Admitting Certain Statutes and Public Records

Defendant will not object to the Court taking judicial notice of Article II, Section 1, of the United States Constitution, the Twelfth Amendment, and 3 U.S.C. 15-18. ECF No. 44 at 9.

However, Defendant will object to the use of the word "certification" in describing Congress's business in certifying the election on January 6, 2021. ECF No. 44 at 8.

Defendant will also raise a relevance objection to the admission of the Congressional Record that relate to the proceedings on January 6, 2021. ECF No. 44 at 9-10. The Government respectfully disagrees as it has the burden to prove the disruption of government business and official function on January 6. Admitting limited portions of the Congressional Record, and some footage from the Senate Recording Studio, will be highly probative to establishing these facts.

### 3. Limiting Unnecessary and Irrelevant Security-Related Topics

The Government's motion has been resolved in part, as Defendant will not elicit or present testimony on the specific CCTV locations, or the size of the protection detail of the vice-president. ECF No. 44 at 11. Defendant maintains, however, that he intends to elicit information on "what specific protections" Secret Service could not provide in a bomb-blast area. *Id.* Defendant's intended questioning should be precluded. Having the Secret Service explain what specific protections it could not provide to a protectee, in a certain area, has no relationship to the elements of the charged offenses and highly prejudicial.

Defendant also maintains that law enforcement preparedness for January 6 is relevant to his defense. ECF No. 44 at 12. The Government respectfully disagrees. The preparedness of law enforcement on January 6 has no relation to any elements of the charged offenses or to any cognizable legal defense.

### 4. Out of Court Statements

It appears that Defendant does not dispute the Government's explanation on the law of

hearsay. However, there is disagreement as to whether Defendant's hearsay statements are admissible and as to the applicability of the rule of completeness. These issues will be discussed with the Court at trial.

### 5. Precluding Improper Defense Arguments

In his response, Defendant stated he will not raise charging decisions or selective prosecution at trial. ECF No. 44 at 13. This leaves open the topics of: introducing Defendant's statements if they relate to his motivation or state of mind in committing the offenses; precluding Defendant from raising a First Amendment argument; precluding Defendant from raising an entrapment or public authority defense; and precluding Defendant from presenting irrelevant topics (i.e. timing of discovery, use of federal resources, Defendant's good character, Defendant's ignorance of the law, penalties and collateral consequences, and the arrest of Defendant and circumstances on the search of his residence). The government intends to raise these topics with the Court at the Final Pre-Trial Conference.

### C. Defendant's Motion in Limine

On May 10, 2023, Defendant submitted a motion in limine to preclude the government from using or eliciting evidence of: 1) Certain terms and false allegations; 2) Locations, actions, and alleged incidents at or near the U.S. Capitol; 3) Defendant's traffic stop, Arrest and law enforcement's execution of the search warrant; 4) Defendant's criminal history; 5) Defendant's gun ownership; 6) Defendant's first amendment speech; 7) Defendant's viewpoints; 8) Certain summary and fact witness testimony; 8) Tips and source information; and 9) Irrelevant photos and texts from Defendant's phone. ECF No. 37. Defendant also requested that the Court take judicial notice of Title 18 U.S.C. § 2101-2102. The Government filed a response on May 24, 2023, and highlighted areas of agreement with Defendant. ECF No. 41. Defendant filed a reply on May 31, 2023. ECF No. 48.

The government submits that the remaining issues in dispute are as follows.

### a. Certain Terms and False Allegations

The Government does not intend to use many of the terms identified by Defendant. ECF No. 41 at 5. However, other common-sense terms that accurately describe conduct on January 6, such as riot, mob, etc., and are not violative of Rule 403, may be used by the Government and witnesses at trial.

### b. Locations, Actions, and Alleged Incidents at or near the U.S. Capitol

The Government has shared its exhibit list and trial exhibits with the Defense, which reflects an evidentiary focus on Defendant's actions and events occurring on the East Side of the Capitol Building. The Government will not be presenting video footage from the west side of the Capitol or of rioters inside the Capitol Building.

### c. Defendant's Prior Statements

The Court should deny Defendant's request to preclude the Government from presenting his prior statements which concern his knowledge, intent, or motivation for his actions on January 6. ECF No. 41 at 10. Defendant is now aware of the specific communications that the Government intends to present and can discuss his objections at the Final Pre-Trial Conference.

## II.   THE GOVERNMENT'S PROOF

The Government intends to call approximately five to seven witnesses, which include a witness from the U.S. Capitol Police, a U.S. Secret Service official, a Special Agent from the Federal Bureau of Investigation, and two to three U.S. Capitol Police Officers who were present on the East side of the Capitol during Defendant's conduct. The Government expects to introduce text messages from the Defendant's phone, and from the phone of third party who was communicating with Defendant on January 6. to prove intent, knowledge, and motivation. The

Government expects to introduce Defendant's metal hammer and megaphone. The Government also expects to present video and photographic evidence of Defendant to prove he was in a restricted area and engaged in disorderly conduct.

### A.  Testimony of a U.S. Capitol Police Witness

The Government intends to call a U.S. Capitol Police Witness who is familiar with Capitol Police procedures leading up to January 6, 2021, to include the security measures put in place. This witness will be familiar with how the riot unfolded during the day, the efforts of law enforcement to secure the Capitol and control the riot, and how government business and/or official functions were disrupted. Further, this witness is familiar with the approximately 1,600 cameras present at the U.S. Capitol building and grounds, along with Capitol Police radio communications. The Capitol Police witness will be expected to authenticate two video recordings and recorded radio communications.

Evidence about the official proceeding, its disruption, and the actions of Capitol Police with respect to the rioters, will be relevant to both charged offenses.

### B.  Testimony of U.S. Secret Service Official Liz Glavey

The Government intends to call Liz Glavey from the U.S. Secret Service. Ms. Glavey is familiar with actions taken by the Secret Service on January 6 to protect former Vice President Mike Pence, and with Secret Service coordination with other law enforcement agencies to establish a restricted perimeter.

### C. Testimony of FBI Special Agent Kyle Hicks

The Government will present testimony from Kyle Hicks, the FBI case agent assigned to this matter. Agent Hicks has reviewed surveillance video maintained by the U.S. Capitol Police, third party videos taken on January 6 during the riot, and the text messages located in Defendant's

phone and in the phone of a third-party who communicated with Defendant. Agent Hicks will testify about his observations from the videos and text messages. Agent Hicks has also listened to Defendant's voice on audio recordings with law enforcement, Defendant's voice on recorded videos, and Defendant's voice on recorded calls to third parties during his pre-trial incarceration.[1] Agent Hicks also heard Defendant's voice first-hand in a brief in-person interaction. Agent Hicks will testify that he is familiar with Defendant's voice, and he will identify Defendant's voice on certain third-party video recordings from January 6.

The Government respectfully requests that Agent Hicks be permitted to sit at counsel table throughout trial pursuant to Federal Rule of Evidence 615.

### D. Testimony of Officer Morgan Wischstadt

The Government intends to call U.S. Capitol Police Morgan Wischstadt. On January 6, Officer Wischstadt was positioned on the East Plaza of the Capitol to maintain the integrity of the restricted perimeter. She was present when Defendant and the other rioters overran police lines at the East Plaza and at the East Capitol steps, and was present when rioters were attempting to enter the building through the East Rotunda door. Officer Wischstadt will testify about her observations and interactions with the crowd, her retreat to the east Capitol steps after the police line was overrun, and her observations at the East Rotunda door. She will asked be asked to authenticate videos that have been exhibited by the Government.

### E. Testimony of Officer David Van Benschoten

The Government intends to call U.S. Capitol Police Officer David Van Benschoten. Officer Van Benschoten was present on the East Plaza when Defendant and the other rioters

---

[1] Defendant has provided several telephonic interviews to third parties media members from the D.C. Jail; some interviews include participation with Defendant's counsel.

overran the police line, and was present at the East Rotunda door when rioters were attempting to forcibly enter the building. Officer Van Benschoten will testify about his observations and interactions with the crowd, his retreat after the line was overrun, and his attempts to prevent rioters from entering the building through the East Rotunda door. He will also be asked to authenticate videos exhibited by the Government.

### F. Self-authenticating Business Records Pursuant to Federal Rules of Evidence 803(6) and 902(11)

The Government intends to introduce two business records: 1) records from United Airlines and 2) records from Apple Inc. The Government produced in discovery the business records, accompanied by certifications compliant with Rules 902(11) and 803(6) establishing their authenticity and admissibility under Rule 803(6). The records and accompanying certificates also have been included on the Government's Exhibit List and provided to Defendant.

Defendant has not provided notice of any objection to the authenticity of these records nor to their admission under Rule 803(6).[2]

### G. Self-Authenticating Certified Data Copied from an Electronic Device Pursuant to Federal Rule of Evidence 902(14)

The Government intends to offer two certifications pursuant to Federal Rule of Evidence 902(14) from two forensic examiners. The Government submits the certificates are sufficient to authenticate the proposed trial exhibits that contain information extracted from digital devices by the FBI. The Government produced the certificates to defense counsel on June 26, 2023, and defense counsel has stated that it will not object to the authenticity of the exhibits extracted from digital devices, while reserving all rights to object to admissibility on other grounds.

---

[2] In the Government's motion *in limine*, the Government stated its intention to introduce self-authenticating video from the House Recording Studio and Senate Recording Studio. ECF No. 36 at 9-10.

## III.  DEFENSE EXPERT WITNESS

On July14, 2023, Defendant notified the Government of his intent to call Mr. J. Lawrence Cunningham, a former United States Secret Service Agent and Supervisor (1974-1994) as an expert witness on secret service protocols.

The Government agreed to not move *in limine*[3] to preclude Mr. Cunningham because his testimony was limited to the following:

> Based on training and experience that includes deep understanding of U.S. Secret Service strategy, planning, policies and procedures, Mr. Cunningham will address and offer opinions on the designation and implementation of a Section 1752 restricted area, where at the US Capitol the USCP are the ground jurisdiction owner and there is required coordination and agreement based upon USSS input as to what outside grounds would be restricted if needed for the temporary visit of a protectee. He will give testimony that includes opinions as to what would be feasible, executable, acceptable, and required security for an outdoors restricted area where a President or Vice President is or will be visiting,
>
> It is expected that Mr. Cunningham will offer opinions regarding whether it would have been appropriate, sensible, feasible, and consistent with practices for the U.S. Secret Service to have sought or agreed to have restricted (as that term is used in

---

[3] While the Government did not move in limine to preclude Mr. Cunningham or seek a *Daubert* hearing, it may do so in other cases.  Under the Federal Rule of Evidence 702, a party may be permitted to call a witness who is qualified as an expert to testify in the form of an opinion if the "expert's scientific, technical, or other specialized knowledge will help the trier or fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  In order to be admissible at trial, the expert's testimony "must be helpful to the trier of fact," and not serve as direction to the trier of fact as to the result to be reached.  Fed. R. Evid. 703, Advisory Committee Notes.  The trial court is the "gatekeeper" of such testimony and should exclude it if it is not relevant and reliable.  *Daubert Merrell Dow Pharms., Inc.*, 509 U.S.C. 579, 597 (1993) (noting that trial judges have the responsibility to ensure that the "expert's testimony both rests on a reliable foundation and is relevant to the task at hand.")  The *Daubert* test ensures that each testifying expert," whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).  The court should exclude an expert's opinion as unreliable if the expert is unqualified to provide the opinion, did not base the opinion on sufficient facts or data, or did not reasonably apply appropriate methods and principles to the facts of the case.  *See* Fed. R. Evid. 702 (requiring expert testimony to meet these standards); *Kumho Tire,* 526 U.S. at 155-56 (affirming exclusion of expert testimony based upon unreliable methodology).  Furthermore, even relevant expert testimony can be excluded if its unduly prejudicial under Rule 403.  *Daubert*, 509 U.S. at 595.

Section 1752) the entire area that the Government contends was the restricted area on January 6. This testimony is offered in connection with the Government's burden to prove the fact that Mr. Christie knowingly entered and remained in a Section 1752 restricted area designated for the protection of a USSS protectee's temporary in-progress or planned visit to outdoor grounds, and whether he engaged in disorderly or disruptive conduct in a restricted area (that interfered with the business of the protectee).

Mr. Cunningham will not be opining whether the Secret Service is the only agency that can lawfully establish a restricted area.

Defendant also noticed Mr. Cunningham to offer an opinion on deleted texts and correspondence from Secret Service phones after January 6. Unless the Defendant establishes an appropriate foundation for the opinion and proffer of the relevance of the testimony, the Government will object to such opinion testimony as irrelevant and unreliable.

## IV.  CONCLUSION

The Government will be available to discuss any of the pending motions before the Court, or any of the issues raised herein, at the final pre-trial conference on July 28, 2023 or at the Court's convenience.

Dated: July 26, 2023

Respectfully Submitted,
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  /s/
Jason M. Manning
NY Bar No. 4578068
Trial Attorney, Detailee
Raymond K. Woo
AZ Bar No. 023050
Assistant U.S. Attorney, Detailee
U.S. Attorney's Office
601 D Street, NW
Washington, DC 20530
(202) 514-6256 / (602) 514-7736
raymond.woo@usdoj.gov

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for Defendant.

Dated: July 26, 2023

By:     /s/
Jason M. Manning
NY Bar No. 4578068
Trial Attorney, Detailee
Raymond K. Woo
AZ Bar No. 023050
Assistant U.S. Attorney, Detailee
U.S. Attorney's Office
601 D Street, NW
Washington, DC 20530
(202) 514-6256 / (602) 514-7736
raymond.woo@usdoj.gov
