UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 23-cr-005 (APM) |
| ) | |
| ERIC CHRISTIE, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Following the pretrial hearing, the court left open how to define the term "deadly or dangerous weapon" for purposes of 18 U.S.C. § 1752(b)(1)(A). To answer that question, the court "must (as usual) interpret the relevant words not in a vacuum, but with reference to the statutory context, 'structure, history, and purpose.'" *Abramski v. United States*, 573 U.S. 169, 179 (2014) (citation omitted).

The statutory text provides no guidance about the term's meaning—neither the section nor the relevant chapter provide a definition of "deadly or dangerous weapon." The structure of the section does not offer any clues, and neither party has offered any legislative history. The court is thus left with context and purpose.

Section 1752 appears in chapter 84 of Title 18, which is titled, "Presidential and Presidential Staff Assassination, Kidnapping, and Assault." The chapter consists of two sections: (1) § 1751, which bears the same title as the chapter with the addition of "penalties," and (2) § 1752, simply titled "Restricted Building or Grounds." Section 1751 covers the killing, kidnapping, and assaulting of high-level Executive Branch officials, including the President and Vice President. 18 U.S.C. § 1751. Section 1752 covers lesser acts that pose security risks to the President and other high-level officials who receive Secret Service protection where they live and

work.  *Id.* § 1752.  The prohibited conduct includes entering and remaining, disrupting the orderly conduct of Government business, physical acts of violence, and operating an unmanned aircraft, all on restricted grounds.  *Id.*  It cannot be disputed that, taken together, the two sections create a web of prohibited conduct whose purpose is to punish acts directed against the President and other high-level government officials, as well as lesser acts occurring in the places where they live and work.  The statute therefore must be read broadly to protect such officials and locations. *Cf. United States v. Arrington*, 309 F.3d 40, 43, 46 (D.C. Cir. 2002) (stating that "Congress intended [18 U.S.C.] § 111 to protect federal officers to the maximum extent possible"; § 111 imposes penalties against a person who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" certain officers "while engaged in or on account of the performance of official duties").

With this context and purpose in mind, the court agrees with the government's proposed definition of "deadly or dangerous":  An object carried on restricted grounds is "deadly or dangerous" if "it is capable of causing serious bodily injury or death to another person, and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death."  That definition is more consistent with the context and purpose of § 1752 than the one proposed by Defendant, which would require that the object not just be carried but also used in order to qualify as a "deadly or dangerous" weapons.  Defendant's proposal would leave a large gap in the statutory coverage:  It would exclude from the enhanced felony sanction a person who carried a non-inherently dangerous object on restricted grounds—like a "butterfly knife" or an ASP baton—and intended to use it to cause serious bodily injury or death but was prevented from doing so by law enforcement.  *See United States v. Vinton*, 594 F.3d 14, 22 (D.C. Cir. 2010) (identifying a "butterfly knife" as a non-inherently dangerous weapon); *United States*

*v. Broadie*, 452 F.3d 875, 506 (D.C. Cir. 2006) (identifying an ASP baton as a non-inherently dangerous weapon). Such a defendant would be subject only to a one-year misdemeanor. That cannot be what Congress intended.

In *Arrington*, the D.C. Circuit did require actual use of a non-inherently dangerous object for it to be considered "deadly or dangerous" for purposes of 18 U.S.C. § 111(b). That statute, however, requires actual use of the object as an element of the offense and, unlike § 1752, does not reach the mere act of carrying. *Arrington* therefore is inapposite.

So, for the foregoing reasons, the court will define an object as "deadly or dangerous" for purposes of § 1752(b)(1)(A) if "it is capable of causing serious bodily injury or death to another person, and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death." The defendant need not have actually used the object in that manner.

Date:  August 3, 2023

Amit P. Mehta
United States District Court Judge